GEORGE B. HERDER and Others, as Taxpayers in the Town of Vienna, in the County of Oneida and State of New York, Plaintiffs, *v.* CLIFTON C. CLIFFORD, Defendant.

Supreme Court, Oneida County, August 2, 1928.

**Towns — taxpayers, action, under General Municipal Law, § 51 — action against former town superintendent of highways to recover money alleged to have been retained by him illegally — prior action by town was settled by authority of town board — plaintiffs cannot maintain action while settlement stands.**

A taxpayer's action instituted by taxpayers of a town, under section 51 of the General Municipal Law, to recover from a former town superintendent of highways money alleged to have been retained by him illegally, cannot be maintained, for it appears that the town instituted an action prior to the present one against the defendant for the same purpose, and that that action was settled and discontinued by authority of the town board.

As long as that settlement stands, the plaintiffs cannot maintain their action, but they have the right, however, to institute an action to set aside the settlement on the ground of fraud, collusion or corruption.

The settlement having been made, there is no cause of action " now existing " in the town, within the meaning of section 51 of the General Municipal Law.

MOTION to dismiss the complaint in a taxpayer's action.

*Ward J. Cagwin* [*Michael J. Larkin* and *Leland N. Wood* of counsel], for the plaintiffs.

*Curtin & Curtin,* for the defendant.

SMITH, J. This action is brought by qualified taxpayers of the town of Vienna, Oneida county, N. Y., to recover from the defendant moneys claimed to have been received by him in violation of law while he was town superintendent of highways of said town. The defendant in his answer denies the allegations of the complaint and alleges that prior to the commencement of the present action said town of Vienna had brought an action against the defendant to recover on account of the identical causes of action set forth in the complaint herein, that said action was by stipulation of the attorneys for the respective parties settled and discontinued and that an order of this court to such effect was granted and duly entered, and sets up said settlement as a bar to the present action.

At the trial of the present action a motion was made to dismiss the complaint on the ground that said settlement was a bar to this action, and we are here considering that motion. There is no dispute about the facts upon which the motion is made. The

complaint in the action by the town which was settled and the complaint in the instant action are identical as to the several counts making up the causes of action. The first action was brought in October, 1927. On the 19th of March, 1928, the town board of the town of Vienna duly adopted a resolution " That the said action be settled and discontinued without costs to either party, each party to pay their respective attorneys," and directing that " the Town's attorney, Ward J. Cagwin, and the counsel in said case, Leland N. Wood, sign and procure a stipulation of discontinuance and settlement in said action as hereinbefore set forth." Pursuant to this resolution the attorneys for the respective parties on the 28th day of March, 1928, entered into a stipulation which reads as follows: " It is hereby stipulated, by and between the parties hereto and their respective attorneys, that the above-entitled action be and the same is hereby settled and discontinued, without costs to either party, and that an order of settlement and discontinuance may be entered by either party without further notice." On the 31st day of March, 1928, an order, based upon said stipulation, was granted by the Supreme Court, as follows: " Ordered that the above-entitled action be and the same is hereby settled and discontinued without costs to either party." This order was duly entered.

The town board of the town of Vienna had the right to bring the action, and it had the right to settle and discontinue the same; the resolution of the town board at the meeting held March 19, 1928, the stipulation of the attorneys for the parties to the action of March 28, 1928, and the order of this court granted March 31, 1928, are the undisputed evidences of the fact of the settlement of said action. So long as the settlement remains undisturbed and is not by judgment of the court set aside, the town of Vienna is bound thereby to the same extent as it would be bound by any other lawful contract made by it and is barred from the commencement of any new action to recover upon the same counts. That being true, there is no cause of action now existing in the town of Vienna against the defendant herein which would awaken a right of action on the part of the taxpayers of the town.

The present action is brought under section 51 of the General Municipal Law, which, so far as is essential to the determination of this motion, provides that " All officers, agents, commissioners and other persons acting * * * for and on behalf of any * * * town * * * in this state, * * * may be prosecuted, and an action may be maintained against them to * * * restore and make good, any property, funds or estate of such * * * town, * * * by any person or corporation whose.

assessment * * * shall amount to one thousand dollars * * *. This section shall not be so construed as to take away any right of action from any * * *, town, * * *, or from any public officer, but any right of action *now existing,* or which may hereafter exist in favor of any * * *, town, * * * , or in favor of any officer thereof, may be enforced by action or otherwise by the persons hereinbefore authorized to prosecute and maintain actions." That section gives a right of action to taxpayers, in cases where the acts of public officers are illegal or are brought about by corruption or fraud. It and the history of its development show that there was no legislative purpose to allow taxpayers to interfere with the legitimate course of action on the part of the governing bodies of municipalities. To allow such criticism by taxpayers of the action of such governing bodies, in the absence of illegality or fraud or corruption, would in the end lead to chaos in government and would cast upon the courts a burden they were not designed to carry. No such purpose is revealed in the statute, nor is it supported by judicial decision. The wisdom of the decision of governing bodies will not be inquired into. In the absence of allegation and proof of conduct which is illegal or which was brought about through fraud, collusion or corruption, their action may not be assailed.

The complaint herein contains no reference to the settlement of the former action; such reference only appears in the answer. The facts of the settlement are undisputed. No illegality appears upon the face of the record in the act of the town board in making the settlement, and the court will not indulge in any presumption of illegal, fraudulent or collusive conduct on the part of public officers. If the town of Vienna has no right of action against this defendant, then certainly a taxpayer of the town has none. The settlement having been made, there is no cause of action " now existing " in the town.

The settlement of the first action was by agreement of the parties, evidenced by the resolution of the town board, the stipulation of the attorneys, and the order of the court. It is not a case where a complaint has been dismissed before the plaintiff's evidence has been received and where there has been no consideration of the merits of the action. There is here no judgment of dismissal, but merely an agreement of the parties to settle and discontinue the action, in the ordinary and usual manner in which actions are settled and discontinued.

The situation is clearly distinguishable from that which arose in the so-called " audit cases," where, upon the face of the record, it appeared that the auditing body had no jurisdiction to make

the audit. Here the allegations of fact upon which the cause of action was predicated were denied, the facts were disputed, and the action was settled and discontinued by the parties in the most open manner possible to them. On its face there is nothing illegal about this settlement, on the contrary, it bears on its face the badges of legality, openness and good faith. It, therefore, follows that, in the absence of any allegation of the illegality of the settlement or of its consummation by fraud, corruption, misrepresentation or collusion, the issues between the town of Vienna and the defendant Clifford were disposed of. Clearly, the town itself could bring an action to set aside this settlement on lawful grounds and upon its having been set aside, to recover; such is the action which does survive the settlement.

It is urged that the court, in passing upon this motion, must assume that the allegations of the complaint are true, and that, therefore, it should not inquire into the merits of the denied allegations of the complaint. Such is the ordinary rule on motions for the dismissal of a complaint, but it has no application where the motion is based upon the allegation of a bar to the action which is set up as a defense, where, as here, it appears that the facts constituting the bar are undisputed.

The governing body of a municipality, in this case the town board, acts in a representative capacity, and, as such, represents the taxpayers of the municipality; and in this instance it represented the plaintiffs in this action. We have not here a case where the town had failed or refused to act; it did act and brought an action, and, after due deliberation and consideration, settled and discontinued it, and taxpayers may not now be heard in an effort to recover on the same cause of action which once has been settled by their representatives — unless they are able to set aside such settlement. There is no right of action now existing in favor of the town which the taxpayers may bring under said section 51 of the General Municipal Law. So long as the settlement stands, the town has no right of action, nor have the taxpayers.

On the other hand, if it should appear that the settlement was illegal, or that it was brought about by fraud, collusion, misrepresentation or corruption, then of course the act of the town board in making such settlement would not have been one performed in a representative capacity; in such case it would not have been representing the taxpayers; but, in order to defeat the action of the board as not being representative, taxpayers owe the duty, if they would maintain this kind of an action, under such circumstances, to set up allegations which if proved would destroy the representative quality of the act.

The aforesaid settlement, therefore, constitutes a bar to the present action, so long as it remains undisturbed. If the plaintiffs would overcome this barrier it is incumbent upon them to allege and prove facts calling upon the court to remove it.

The motion to dismiss the complaint should be granted, without prejudice, however, to the right of the plaintiffs to bring a new action, first, to set aside the settlement, and secondly to recover. In such action the town of Vienna, which, through its proper officers, made the settlement, would in my opinion be a necessary party.

Complaint dismissed, with costs to the defendant.

Ordered accordingly.