MABEL FORKER, Suing on Behalf of Herself and All Other Persons Similarly Situated, Plaintiff, v. ROYAL DEVELOPMENT COMPANY et al., Defendants.

HELEN D. CARROLL, Suing on Behalf of Herself and All Other Persons Similarly Situated, Plaintiff, v. ROYAL DEVELOPMENT COMPANY et al., Defendants.

PETER BRENNAN, Suing on Behalf of Himself and All Other Persons Similarly Situated, Plaintiff, v. ROYAL DEVELOPMENT COMPANY, Defendant.

Supreme Court, Special Term, Monroe County, August 4, 1947.

*Driscoll, Matthews & Gingold* for Thomas Neary and another, petitioners, for the motion.

*Dwyer, Shearer & Dwyer* for receivers, opposed.

CRIBB, J. This matter was returnable at Special Term of this court June 25, 1947. At the same place and time there was returnable a motion by the receivers of the assets of the defendant, Royal Development Company (hereinafter referred to as the company) for an order judicially settling their intermediate account and directing a partial distribution of the assets of said company, fixing an allowance to various attorneys, interim commissions to the receivers, etc. Petitioners were represented by their attorneys at this hearing and were heard on all the matters involved in both motions.

Petitioners' purposes for intervening are:

(1) To urge that stockholders be paid more than seventy-five cents per share which is the amount of distribution proposed by the receivers upon their said intermediate accounting.

(2) To protest the amount of the allowances asked by various attorneys on the receivers' accounting.

(3) To urge that a hearing be held and testimony taken concerning the actual time consumed and work done by the various attorneys and the receivers whose claims were set forth in the notice of motion served on all attorneys of record and on stockholders whose claims have been allowed by the receivers.

Upon the hearing on June 25, 1947, extensive arguments were heard in support of and in opposition to the allowances requested by the receivers and attorneys. Affidavits of the receivers and attorneys are before this court together with several briefs. Counsel for the petitioners herein was heard at length and has submitted affidavits. To permit petitioners to intervene for the above purposes would only delay the winding up of the company's affairs and its ultimate dissolution as now planned. Neither does it appear that such action could produce any additional information for the guidance of this court in determining the amount of allowances and commissions to be awarded.

Petitioners, however, advance a further reason in support of their motion. They seek " * * * to ascertain and protect their interests concerning the expenditures made by the officers of the corporation prior to the receivership which, on information and belief, amounted to over $1,000,000.00 since 1930, at which time the petitioners are informed the mine was determined to be worthless." It appears that the company was in the hands of receivers from on or about October 2, 1931, to on or about September, 1935, when they returned to the company all of its assets and were discharged. It seems that during that period all expenditures must have been made with the approval of the court. The stockholders had notice of those proceedings. Since that time numerous actions have been brought against the company or its officers by stockholders. Accusations against the officers of the company were set forth in the second cause of action in the complaint by Mabel Forker, suing on behalf of herself and all other persons similarly situated, in April, 1942, and identical accusations were set forth in the second cause of action of the complaint of Helen Dady Carroll, suing on behalf of herself and all other persons similarly situated, in May, 1942. In a judgment entered March 4, 1946, on consent of all the parties to the Forker and Carroll actions the following provision appears: " Ordered, Adjudged And Decreed that the second cause of

action in the action known as Action No. 1 originally brought by Mabel Forker as plaintiff, and in the action known as Action No. 2 originally brought by Helen Dady Carroll as plaintiff, be and the same hereby is discontinued and dismissed on the merits without costs." This judgment would be a bar to any subsequent action for the same relief. (*Herder* v. *Clifford*, 132 Misc. 666, appeal dismissed 225 App. Div. 780; *Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206, affd. 223 N. Y. 655.)

Although petitioners have individually had notices concerning the litigation which has resulted in the said judgment of March 4, 1946, and the appointment of the present receivers, they have delayed more than a year in making this application. The provisions of section 193-b of the Civil Practice Act provide for intervention. The first sentence of each of the first and second subdivisions of that section open with the words: " Upon timely application any person * * *." Petitioners have failed to make this application within a reasonable time.

The notice of this motion served by petitioners was not accompanied by a proposed pleading setting forth their claim or defense for which intervention is sought, as required by subdivision 3 of said section 193-b.

Finally, petitioners have not made any specific charges of improper conduct on the part of any officer or officers of the company in the conduct of its affairs, or that any improper disbursements of its funds have been made since 1930. In fact their attorney upon the argument for this motion stated in substance that he did not claim any improper conduct on the part of the company's officers, or any improper disbursements of its funds, but wanted an opportunity to examine the corporation records for the purpose of learning what the facts might be.

Although the petitioners have constituted themselves a " Stockholder's Committee " and have solicited stockholders to authorize them as such committee to take such action as they may deem proper and to engage counsel and to intervene in any pending proceedings, and now claim to represent " upwards of 180,000 shares " of stock, the motion to intervene is denied for the reasons above stated.

Let an order enter accordingly.